IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MADISON OSLIN, INC.,                    *
et al.,
                 Plaintiffs             *

            vs.                         *   CIVIL ACTION NO. MJG-12-3041

INTERSTATE RESOURCES, INC.,             *
et al.,
                 Defendants             *

*        *        *        *        *        *        *        *        *

<u>MEMORANDUM AND ORDER RE: BOND</u>

        The Court has before it Defendants' Motion to Require
Plaintiffs to Post A Security for Costs and Attorneys [sic] Fees
[Document 143], Plaintiffs' Motion To Stay Consideration Of
Defendants' Bill Of Costs [Document 142] and the materials
submitted relating thereto. The Court finds that a hearing is
unnecessary.

        The following events pertinent to the instant motion have
occurred:

| Date | ECF No. | Event |
|---|---|---|
| 3/25[1] | 136 | Summary Judgment for Defendants |
| 3/25 | 137 | Judgment dismissing all claims with costs |
| 4/6 | 138 | Plaintiffs file Notice of Appeal |
| 4/8 | 140 | Defendants' Bill of Costs – seeking $43,055.50 |
| 4/8 | 141 | Defendants' Motion for Attorney's Fees |

---

[1]     All dates herein are in the year 2015.

| Date | ECF No. | Event |
|------|---------|-------|
| 4/22 | 142 | Plaintiffs' Motion to Stay Consideration of Bill of Costs and objection to $34,670.55 of the claim |
| 5/1 | 143 | Defendants' Motion for Bond |

In the instant motion, Defendants assert that Plaintiffs have pursued baseless claims, are pursuing a baseless appeal, have demonstrated a lack of financial responsibility, and that Plaintiffs' principals are proceeding to render Plaintiffs essentially judgment proof.  Plaintiffs, in response, present the conclusory statements that their appeal is brought in good faith and that they "believe there is a reasonable basis for the appellate court to reverse" this Court's Judgment. Pls.' Opp'n 3, ECF No. 149.  Plaintiffs do not present any response at all to the contentions regarding the significant risk of non-payment of any award of costs and fees.

The Court agrees with Defendants regarding the absence of merit of Plaintiffs' claims.  Moreover, the Court finds no reason to doubt Defendants' assertion that, absent a bond, there is a substantial risk that they will be unable to collect any award for costs and for any legal fee award.

## I.   COSTS (EXCLUDING LEGAL FEES)

As matters presently stand, there is a Bill of Costs for $43,055.50 and an objection to $34,670.55 of this amount.  Thus,

Plaintiffs agree that Defendants sustained at least $8,384.95 of assessable costs.   The Court finds no valid reason to stay consideration of Defendants Bill of Costs.   Moreover, in view of the unrefuted allegations of Plaintiffs financial situation, the Court finds it appropriate to act promptly.

As discussed by Judge Bredar in <u>Mould v. NJG Food Service, Inc.</u>, 2013 WL 6531778 (D. Md. 2013) this Court can order a nonresident Plaintiff to post security for costs. Rule 103.4, Rules of the United States District Court for the District of Maryland  ("Local Rules").   The factors identified in <u>Mould</u> plainly warrant this action.   While, in context, the assessable costs are <u>de</u> <u>minimis</u> in comparison to Defendants' legal fees, Plaintiffs' posting of a bond will ensure at least some recovery for prevailing Defendants.

Furthermore, the Court shall not allow Plaintiffs to defer posting any bond at all until after the final determination of the full amount of assessable costs.   Rather the Court shall require the <u>immediate</u> posting of a bond in the amount of the undisputed portion of Defendants' Bill of Costs, even though that amount is not large.   As appropriate, further amounts of security shall be required.

3

II.   LEGAL FEES

        Plaintiffs state:

                Defendants filed their Motion for Attorneys'
                Fees on April 8, 2015 and have not filed a
                supporting memorandum pursuant to Local Rule
                109 and should be found to have waived any
                argument that the fees should be included in
                the determination of a cost bond. While the
                Defendants may, pursuant to Rule 109, wait
                to file their supporting memorandum until
                the issuance of the mandate from the Court
                of Appeals, to do so leaves the amount of
                any awarded fees speculative and
                impossible of being included in a
                calculation of costs for determining the
                amount of a bond.

Pls.' Opp'n 4, ECF No. 149.

        The Court does not find that the absence of a Rule 109.2.b.

supporting memorandum constitutes a waiver of the argument that

fees may be included in a cost bond.  Of course, the absence of

such a memorandum affects the reliability of the estimate of the

total amount of any legal fee award.  However, in the instant

case, as a practical matter, Defendants would be protected

somewhat – even if inadequately – by the required posting of a

bond in an amount determined to be no greater than the minimum

obtainable legal fee award.[2]

        Plaintiffs contend that legal fees awarded pursuant to the

Alabama Trade Secret Act are not recoverable as costs, citing a

_____

[2]     The Court notes that Plaintiffs failed to respond to the
motion within the requisite time period, which could result in
the Court's granting the unopposed motion.

4

case so holding in the context of a Rule 68, Federal Rules of Civil Procedure, offer in judgment. <u>Util. Automation 2000, Inc. v. Choctawhatchee Elec. Co-op., Inc.</u>, 298 F.3d 1238, 1244-45 (11th Cir. 2002).  Defendants, however, state that they are also seeking legal fees pursuant to the Alabama Litigation Accountability Act, Ala Code § 12-19-272.

Under the circumstances, the Court will provide Plaintiffs with the opportunity, and the obligation, <u>promptly</u> to respond to Defendants' Motion for Attorneys' Fees [Document 141], including Defendants' contentions regarding the Alabama Litigation Accountability Act.


III. <u>CONCLUSION</u>

For the foregoing reasons:

    1.   Plaintiffs' Motion To Stay Consideration Of Defendants' Bill Of Costs [Document 142] is DENIED.

    2.   The Clerk shall proceed expeditiously to process Defendants' Bill of Costs.

    3.   Defendants' Motion to Require Plaintiffs to Post a Security for Costs and Attorneys [sic] Fees [Document 143] is GRANTED IN PART.

        a.   By separate Order, Plaintiffs shall be required to post security in the amount of $8,384.95 by July 10, 2015.

        b.   By July 16, 2015, Plaintiffs shall file a response to Defendants' Motion for Attorneys' Fees [Document 141] that includes

a statement of the reasons why Defendants
would not be entitled to a fee award
pursuant to the Alabama Litigation
Accountability Act.


SO ORDERED, on <u>Thursday, July 2, 2015</u>.


_____/s/_____
Marvin J. Garbis
United States District Judge
