IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MADISON OSLIN, INC.,           *
et al.,
            Plaintiffs         *

            vs.                *   CIVIL ACTION NO. MJG-12-3041

INTERSTATE RESOURCES, INC.,    *
et al.,
            Defendants         *

*       *       *       *       *       *       *       *       *

MEMORANDUM AND ORDER RE: FEE AWARD

The Court has before it Defendants' Motion For Attorneys'
Fees [ECF No. 141], and the materials submitted relating
thereto.  The Court finds that a hearing is unnecessary.


I.   BACKGROUND

On March 25,[1] the Court granted summary judgment to
Defendants [ECF No. 136] and entered Judgment [ECF No. 137]
dismissing all claims with costs.  On April 6, Plaintiffs filed
a Notice of Appeal [ECF No. 138].  On April 8, Defendants filed
their Bill of Costs, seeking costs of $43,055.50 and the instant
Motion for Legal Fees [ECF No. 141].  On April 22, Plaintiffs
filed their response to the Bill of Costs [ECF No. 142] seeking
a stay of consideration of the Bill of Costs and objecting to
$34,670.55 of the claimed costs.

---

[1]   All date references herein are to the year 2015.

On May 1, Defendants filed a motion [ECF No. 143] to require Plaintiffs to post a bond to secure payment of costs and legal fees.   On July 2, the Court issued the Memorandum and Order Re: Bond [ECF No. 151] denying the stay and ordering Plaintiffs to post security in the amount of $8,384.95 (the undisputed amount of Defendants' costs).   On July 10, Plaintiffs posted security in the amount of $8,384.95 as ordered.

In the Memorandum and Order Re: Bond [ECF No. 151], the Court required Plaintiffs to respond to Defendants' Motion for Attorneys' Fees [ECF No. 141], including "a statement of the reasons why Defendants would not be entitled to a fee award pursuant to the Alabama Litigation Accountability Act."   Mem. 6, ECF No. 151.   Plaintiffs have done so.

II.   PROCEDURAL SETTING

The instant case is a diversity action.   Therefore the pertinent state law governs the award of attorneys' fees.   See Hitachi Credit Am. Corp. v. Signet Bank, 166 F.3d 614, 631 (4th Cir. 1999)(applying state law to determine whether an award of attorneys' fees was warranted); see also Bistro of Kansas City, Mo., LLC v. Kansas City Live Block 125 Retail, LLC, No. CIV.A. ELH-10-2726, 2013 WL 6198836, at *5 (D. Md. Nov. 26, 2013)("In a diversity action, such as this one, a parties' right to recover

attorneys' fees is ordinarily governed by state law."(internal
quotation marks and citations omitted)).

Plaintiffs sued under the Alabama Trade Secrets Act, and
the parties agree that Alabama law applies to the contract-based
claims.  "Alabama follows the American rule, whereby attorney
fees may be recovered if they are provided for by statute or by
contract . . . ." Jones v. Regions Bank, 25 So.3d 427, 441 (Ala.
2009) (citations omitted).


III. DISCUSSION

In this action, Defendants seek an award of attorneys' fees
relating to their to their defense of the claims asserted
pursuant to Alabama Trade Secrets Act, Ala. Code § 8-27-1 et
seq. ("ATSA") and under the Alabama Litigation Accountability
Act, Ala. Code § 12-19-270 et seq. ("ALAA").


A.    Alabama Trade Secrets Act

The ATSA provides for:

> Reasonable attorney's fees to the
> prevailing party if:
>
> a. A claim of actual or threatened
>    misappropriation is made or resisted in
>    bad faith

Ala. Code § 8-27-4(a)(2).

There is no definition of "bad faith" in the statute.   The Supreme Court of Alabama, however, has held that the term "means the same as the phrase 'without substantial justification' in the ALAA."   Ex parte Waterjet Sys., Inc., 758 So. 2d 505, 509 (Ala. 1999)(noting that the definition is consistent with the federal courts' definition under the bad-faith exception to the American Rule).   "The phrase 'without substantial justification' . . . means that [the claim] is frivolous, groundless in fact or in law, or vexatious, or interposed for any improper purpose, including without limitation, to cause unnecessary delay or needless increase in the cost of litigation, as determined by the court."   Id. (citing § 12-19-271(1)).   "The string of words used to define 'without substantial justification' in § 12-19-271(1) is presented in the alternative."   Morrow v. Gibson, 827 So. 2d 756, 761 (Ala. 2002).

Defendants contend that Plaintiffs' trade secret claim was "groundless in fact."   As stated in the Memorandum & Order Re: Summary Judgment [ECF No. 136], there are ample grounds for the conclusion, reached therein, that there was no substantial justification for claiming that Defendants misappropriated any trade secrets.   For example :

- Plaintiffs owned patents that contained an enabling disclosure of the process that purportedly constituted a trade secret;

- Plaintiffs provided instruction to outsiders, customers, and prospective customers regarding the purported trade secret methods;

- Plaintiffs produced no evidence that disclosures to Defendants were protected by confidentiality agreements;

- Plaintiffs described the purported "secret" method in open court in a previous lawsuit;

- Plaintiffs published the purported "secret" method in a YouTube video generally available on the Internet.

When granting Defendants summary judgment, the Court held that there was "no evidence adequate to enable a reasonable jury to find that the purported trade secrets were secret at any time relevant to the instant case."[2]  Id. at 11-12.

Accordingly, the Court finds that the trade secret claim was filed without substantial justification because it is "groundless in fact."  Defendants shall be awarded attorneys' fees related to the defense of the ATSA claim.

B.    Alabama Litigation Accountability Act

The ALAA provides, in pertinent part:

> Except as otherwise provided in this article, in any civil action commenced or

---

[2]    The Court also noted that there were "serious questions presented regarding whether any information was 'misappropriated' or whether the claim was brought within the statute of limitations period." Id. at 12, n.9.  It was not necessary to address those issues since Plaintiffs could not establish that it had a trade secret to be protected.

appealed in any court of record in this
state, the court shall award, as part of its
judgment and in addition to any other costs
otherwise assessed, reasonable attorneys'
fees and costs against any attorney or
party, or both, who has brought a civil
action, or asserted a claim therein, or
interposed a defense, that a court
determines to be without substantial
justification, either in whole or part . . .
.

Ala. Code § 12-19-272(a).

Plaintiffs assert that this Court is without jurisdiction
to consider a claim made by Defendants under the ALAA because
Defendants did not make their claim for legal fees prior to the
entry of final judgment.

Alabama courts have held that "[t]he ALAA does not 'create
a new or separate cause of action that can be brought after a
case is litigated and given a final adjudication on the
merits.'"  Terminix Int'l Co., L.P. v. Scott, 142 So. 3d 512,
528 (Ala. 2013)(quoting Casey v. McConnell, 975 So.2d 384 (Ala.
Civ. App. 2007)); see also Cain v. Strachan, 68 So. 3d 854, 858
(Ala. Civ. App. 2011)("The statute 'does not create a new or
separate cause of action to be brought after a case is litigated
and given a final adjudication on its merits; rather, it
indicates that the motion must be made during the pendency of
the case.'"  quoting McDorman v. Archer, 678 So. 2d 112 (Ala.
Civ. App. 1995)).

6

This does not mean that a court cannot hold a separate hearing on an ALAA petition after the entry of final judgment on the merits, but the claim must have been made prior to final judgment, and the court must have retained jurisdiction for that purpose.  Gonzalez, LLC v. DiVincenti, 844 So. 2d 1196, 1201 (Ala. 2002).  "Otherwise, a final judgment puts an end to all controversies litigated or which ought to have been litigated within the particular controversy."  Id. at 1201-02 (citations omitted).

In the instant case, the instant motion was procedurally timely because it was filed within 14 days after entry of judgment, as required by Fed. R. Civ. P. 54 and Rule 109 of the Rules of the United States District Court for the District of Maryland ("Local Rules").  However, it is untimely (substantively or jurisdictionally) by virtue of the ALAA requirement that a fee award under that statute must be based upon a motion filed prior to the entry of judgment.

C.   Further Proceedings

In the Memorandum and Order re: Bond [ECF No. 151], the Court noted Plaintiffs' contention that legal fees awarded pursuant to the ATSA are not recoverable as costs.  The Eleventh Circuit has stated that "the [Alabama] Trade Secrets Act does

not award attorneys' fees to the prevailing party as part of costs; rather, it makes attorneys' fees an additional penalty for willful misappropriation." <u>Util. Automation 2000, Inc. v. Choctawhatchee Elec. Co-op., Inc.</u>, 298 F.3d 1238, 1245 (11th Cir. 2002). However, even though an award of legal fees pursuant to the ATSA is characterized as a penalty rather than a cost, it may be appropriate to consider requiring the posting of security for such an award. Under the circumstances, the Court shall hear from the parties and consider whether to proceed to determine either the precise amount of the ATSA legal fee award to date or an amount that would fairly constitute the minimal reasonable award.

IV.   <u>CONCLUSION</u>

For the foregoing reasons:

1.   Defendants' Motion for Attorneys' Fees [Document 151] is GRANTED IN PART and DENIED IN PART.

   a.   Defendants are awarded their reasonable attorneys' fees pursuant to the Alabama Trade Secrets Act  but not the Alabama Litigation Accountability Act.

2.   By December 15, 2015, Defendants shall state their position regarding the determination of the amount of said award to date and/or the determination of an amount that would fairly constitute the minimal reasonable award foreseeable.

      3.    By January 4, 2016, Plaintiffs shall file any
           response to Defendants' submission.

SO ORDERED, on <u>Monday, November 30, 2015</u>.


                               _____/s/_____
                                 Marvin J. Garbis
                     United States District Judge