IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MADISON OSLIN, INC.,            *
et al.,
                Plaintiffs      *

                vs.             *   CIVIL ACTION NO. MJG-12-3041

INTERSTATE RESOURCES, INC.,     *
et al.,
                Defendants      *

*       *       *       *       *       *       *       *       *

<u>MEMORANDUM AND ORDER RE: COSTS</u>

The Court has before it Plaintiffs' Motion for Review of
the Clerk's Order Taxing Costs [ECF No. 168] and the materials
submitted relating thereto.  The Court has reviewed the exhibits
and considered the materials submitted by the parties.  The
Court finds a hearing unnecessary.


I.   <u>PERTINENT BACKGROUND</u>[1]

By Memorandum and Order Re: Bond [ECF No. 151], the Court
denied Plaintiffs' Motion to Stay Consideration of Defendants'
Bill of Costs [ECF No. 142] and directed the Clerk to proceed
expeditiously to process Defendants' Bill of Costs.  Plaintiffs
were directed by separate Order [ECF No. 152] to deposit

---

[1]     For a detailed background of the instant case, <u>see</u>
Memorandum & Order Re: Summary Judgment, ECF No. 136.

$8,384.95[2] with the Clerk as security for the payment of costs, and they timely complied.  The Clerk's Order Taxing Costs [ECF No. 165] was filed on January 15, 2016, taxing costs in favor of Defendants in the amount of $41,412.35.[3]

By the instant motion, Plaintiffs object to $28,839.65 of Defendants' copying costs that pertained to Defendants' production of electronically stored information.[4]


II.   LEGAL STANDARD

A district court may conduct a review of the clerk's taxation of costs if a motion is served within seven days of the clerk's order.  Fed. R. Civ. P. 54(d)(1).  Rule[5] 54(d) provides that "unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."  "To overcome the presumption, a district court must justify its decision [to deny costs] by

---

[2]   Representing the amount of costs not disputed by Plaintiffs.
[3]   Defendants had sought $43,055.50. Bill of Costs, ECF No. 140.
[4]   In the Conclusion section of the instant motion, Plaintiffs request the Court to reduce the cost award by $33,027.40.  Mot. 7, ECF No. 168.  However, there is no argument related to any objected amount except for the $28,839.65 of copying costs.  The Court assumes that $33,027.40 represents the amount of actual taxed costs ($41,412.35) less the amount originally not disputed ($8,384.95), which is a meaningless number.
[5]   All "Rule" references herein are to the Federal Rules of Civil Procedure.

articulating some good reason for doing so." <u>Cherry v. Champion Int'l Corp.</u>, 186 F.3d 442, 446 (4th Cir. 1999).

The expenses that a federal court may tax as a cost are limited to:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed and electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

"Once it is established that an item falls within 28 U.S.C. § 1920, the prevailing party is presumed to be entitled to recover costs, and the burden is on the losing party to demonstrate impropriety of an allowance." <u>Cofield v. Crumpler</u>, 179 F.R.D. 510, 514 (E.D. Va. 1998); <u>see</u> <u>Young v. United Parcel Serv., Inc.</u>, DKC 08-2586, 2014 WL 858330, *1-2 (D. Md. Mar. 4, 2014).

III. DISCUSSION

Plaintiffs' objection is based on their interpretation of the parties' agreement at the outset of the case that all ESI-related costs would be borne by the producing party.  Mot. 2, ECF No. 168.  The agreement states:

> The parties agree that the cost of ESI production from the reasonably accessible sources identified herein is to be borne by the producing party, subject to the right of the producing party to seek relief based on burdensomeness or disproportionality.

Joint Agreement as to Handling of Electronically Stored Information [ECF No. 148-1] at 5.

It is clear from the name of the agreement itself that it addressed the process for producing electronic discovery, and the cited clause states how the production costs will be handled.  However, it does not follow that the scope of the agreement can be expanded to also address the costs recoverable to the prevailing party upon completion of the case.

Further, the parties agreed to require the production of metadata in addition to simply reformatting the information into a non-editable format.  Id. at ¶ m.  The costs for such production are recoverable under 28 U.S.C. § 1920(4).  See, e.g., Country Vintner of N. Carolina, LLC v. E. & J. Gallo Winery, Inc., 718 F.3d 249, 262 (4th Cir. 2013)("[C]onverting ESI from editable to non-editable formats, or copying ESI in its

native format, often encompasses the copying of metadata. . . If, for instance, a case directly or indirectly required production of ESI-unique information such as metadata, we assume, without deciding, that taxable costs would include any technical processes necessary to copy ESI in a format that includes such information."); CBT Flint Partners, LLC v. Return Path, Inc., 737 F.3d 1320, 1328 (Fed. Cir. 2013) ("[W]e conclude that recoverable costs under section 1920(4) are those costs necessary to duplicate an electronic document in as faithful and complete a manner as required by rule, by court order, by agreement of the parties, or otherwise. To the extent that a party is obligated to produce (or obligated to accept) electronic documents in a particular format or with particular characteristics intact (such as metadata, color, motion, or manipulability), the costs to make duplicates in such a format or with such characteristics preserved are recoverable as 'the costs of making copies ... necessarily obtained for use in the case.'" quoting 28 U.S.C. § 1920(4)).

The Court finds that the copying costs incurred for Defendants' production of electronically stored information were required for use in the case, were limited to allowable costs, and are reasonable.

For the reasons stated in the Memorandum and Order Re: Bond [ECF No. 151], Plaintiffs shall be required to post the remainder of taxed costs as security.

Accordingly, by separate Order, Plaintiffs shall be required to post security in the amount of $33,027.40[6] by March 25, 2016.


IV.   CONCLUSION

For the foregoing reasons:

1.   Plaintiffs' Motion for Review of the Clerk's Order Taxing Costs [ECF No. 168] is DENIED.

2.   By separate Order, Plaintiffs shall be required to post security in the amount of $33,027.40 by March 25, 2016.

SO ORDERED, on Friday, March 18, 2016.


_____/s/_____
Marvin J. Garbis
United States District Judge

---

[6]   $41,412.35 less $8,384.95 deposited on July 10, 2015.