```
                    IN THE UNITED STATES DISTRICT COURT
                       FOR THE DISTRICT OF MARYLAND

MADISON OSLIN, INC.,             *
et al.,
           Plaintiffs            *

           vs.                   *   CIVIL ACTION NO. MJG-12-3041

INTERSTATE RESOURCES, INC.,      *
et al.,
           Defendants            *

*      *       *      *      *      *      *      *      *
```

<u>MEMORANDUM AND ORDER RE: FEES BOND</u>

The Court has before it Defendants' Motion to Require Plaintiffs to Post a Security for Costs and Attorneys [sic] Fees [ECF No. 143] and the materials submitted relating thereto. The Court finds no need for a hearing.

Defendants have incurred substantial legal fees defending against meritless claims presented by Plaintiffs. They allege that the total fees incurred prior to post-trial and appellate proceedings are in excess of $3.4 million. Defs.' Notice 2, ECF No. 157. Plaintiffs further estimate that they will incur some $128,050 of costs and fees on appeal.

By the instant motion,[1] Defendants seek to have the Court require Plaintiffs to post security of $1,000,000[2] with regard to

---

[1]   As supplemented. <u>See</u> Defs.' Notice 2, ECF No. 157.
[2]   That is, $250,000 <u>per</u> defendant, an amount that defendants contend is the absolute minimum possible legal fee award.

the legal fees and an additional amount in regard to the anticipated cost of appeal.

I. DISCUSSION

    A.   The Alabama Trade Secrets Act ("ATSA") Fee Award

By the Memorandum and Order Re: Bond [ECF No. 151] and the Order to Post Security [ECF No. 176], the Court required Plaintiffs to post security for costs awarded regarding district court proceedings.  However, "the [Alabama] Trade Secrets Act does not award attorneys' fees to the prevailing party as part of costs; rather, it makes attorneys' fees an additional penalty for willful misappropriation." Util. Automation 2000, Inc. v. Choctawhatchee Elec. Co-op., Inc., 298 F.3d 1238, 1245 (11th Cir. 2002).  Accordingly, the Court shall not treat the ATSA attorney fee award as one for costs and shall not require security to be posted.

Were the Court to determine the amount of the ATSA fee award it could enter a Judgment or Supplemental Judgment requiring payment by Plaintiffs.  Should that occur, Plaintiffs may be required to post a supersedeas bond[3] to avoid immediate collection efforts.

---

[3]    A supersedeas bond sometimes must be filed to obtain a stay of execution of a judgment pending an appeal. History and Application of Rule 7, 16A Fed. Prac. & Proc. Juris § 3953 (4th

Plaintiffs state that there would be a substantial cost to establishing the amount of the legal fee award.  That is, no doubt, true.  However, Defendants have not provided authority that would permit the Court to issue a Judgment requiring Plaintiffs to pay legal fees in an amount to be determined at some future time.

B. Rule 7 Costs

Rule 7 of the Federal Rules of Appellate Procedure provides in pertinent part:

> In a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal.

The costs for which a Rule 7 bond can be required include those costs relating to the appeal.  See, e.g., United States, for Use of Terry Inv. Co. v. United Funding and Inv'rs, Inc., 800 F. Supp. 879, 882 (E.D. Cal. 1992)("Rule 7 bonds are to be strictly limited to the costs of filing and proceeding with a case in the court of appeals."); Young v. New Process Steel, LP, 419 F.3d 1201, 1207-08 (11th Cir. 2005)(holding that a district court had the discretion to require an unsuccessful plaintiff to post a bond in the amount of the defendant's anticipated costs

---

ed.)

upon a finding that the appeal is likely to be frivolous, unreasonable, or without foundation).

Defendants have estimated they will incur a total of $128,050 in costs and fees on appeal. Defendants' Motion to Require Plaintiffs to Post a Security for Costs and Attorneys [sic] Fees, ECF No. 143. Defendants have not, however, specified what portion of the total constitutes costs rather than anticipated attorneys' fees. Accordingly, the Court has no basis upon which to apply Rule 7.

## II. CONCLUSION

For the foregoing reasons, Defendants' Motion to Require Plaintiffs to Post a Security for Costs and Attorneys [sic] Fees [ECF No. 143] is DENIED except to the extent GRANTED by Memorandum and Order Re: Bond [ECF No. 151].

SO ORDERED, on Friday, April 1, 2016.

/s/
Marvin J. Garbis
United States District Judge